# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 658 | **DATE** | 10/23/2000 |
| **CASE TITLE** | OCWEN FEDERAL BANK, FSB vs. LARRY HARRIS, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated herein, Plaintiff's motion for summary judgment is granted. Enter memorandum opinion and order.
(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 2 4 2000 | |
| ✓ | Docketing to mail notices. | | date docketed | 44 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| LG | courtroom deputy's initials | 00 OCT 23 PM 5:13 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| OCWEN FEDERAL BANK, FSB, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 99 C 658<br>) |
| | ) Honorable John W. Darrah |
| LARRY HARRIS, CUMI HARRIS, ROSCOE HARRIS, U.S. LOAN CORP., CRAGIN FEDERAL BANK for SAVINGS, STATE of ILLINOIS, LASALLE BANK, and JEAN HARRIS, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**DOCKETED**
**OCT 2 4 2000**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ocwen Federal Bank, F.S.B. ("Ocwen") sued multiple individual and institutional defendants to foreclose a mortgage. Ocwen has moved for summary judgment on its complaint pursuant to FED.R.Civ.P 56. For the reasons stated below, the court grants Ocwen's motion.

## LEGAL STANDARDS

Summary judgment is appropriate when there remains no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. FED.R.Civ.P. 56(c). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses..." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Thus, although the moving party on a motion for summary judgment is responsible for demonstrating to the court why there is no genuine issue of material fact, the non-moving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate through specific evidence that there remains a genuine issue of material fact and show that a rational

-1-

jury could not return a verdict in the non-moving party's favor. *Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986); *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994). Consequently, the inquiry on summary judgment is whether the evidence presents a sufficient disagreement to require submission to a jury or whether the evidence is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 251-52. Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). A metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. Nonetheless, the court must view all inferences to be drawn from the facts in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 247-48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 477 U.S. at 249-250.

## FACTS

The undisputed facts taken from the parties' Local Rule 56.1(a) & (b) (formerly Rules 12(M) & 12(N)) statements of material facts (referred to herein as "Pl.'s 56.1(a)" and "Defs.' 56.1(b)") and accompanying exhibits are as follows. Ocwen filed this action to foreclose a mortgage on real estate located at 1516 Florence Ave. in Evanston, Illinois. Cumi Harris (now deceased) executed the subject mortgage on property located at 1516 Florence Ave. in Evanston, Illinois to Centrust Mortgage Corporation. Pl.'s 56.1(a) ¶ 13. The mortgage secured a $112,000 note and was recorded in the Office of the Recorder of Deeds of Cook County on February 9, 1989. Id. Centrust assigned its interest in the note and mortgage to Federal Home Loan Mortgage Corporation ("FHLMC"). Id. This assignment was recorded on April 24, 1990 in the Office of the Recorder of Deeds of Cook

County. Id.

FHLMC later assigned its interest in both the note and the mortgage to Ocwen. Id. However, Ocwen never took physical possession of the note, as it was lost by FHLMC before the assignment. Defs.' 56.1(b) ¶ (b)(2). This assignment was recorded in the Office of the Recorder of Deeds of Cook County on December 8, 1998. Pl.'s 56.1(a) ¶ 13.

Cumi Harris died on March 20, 1994, survived by her husband, Roscoe Harris. Defs.' 56.1(b) ¶ 5. Cumi Harris (or her estate) defaulted under the terms of the note and mortgage by failing to make mortgage payments when due. Pl.'s 56.1(a) ¶ 14. The last mortgage payment was applied to the April 1997 obligation. Id. Payment due under the note for May, 1997 was never made. Id. As a result of this default, Ocwen accelerated the balance due under the note. Pl.'s 56.1(a) ¶ 15. The outstanding balance due through November 1, 1999, is $161, 316.85. Id.

Plaintiff Ocwen is a corporation incorporated under the laws of the State of Florida and has its principal place of business in the State of Florida. Pl.'s 56.1(a) ¶ 1. Defendant Larry Harris currently owns the Florence Ave. property encumbered by the mortgage as the result of a trust deed executed by American National Bank and Trust Company on December 20, 1993. Pl.'s 56.1(a) ¶ 2. Defendant Jean Harris is the spouse of Larry Harris. Pl.'s 56.1(a) ¶ 3.

Additional Defendants have been named because of their interests in subsequent mortgages or liens. American National Bank and Trust Company held the property in trust as mentioned above. Pl.'s 56.1(a) ¶ 17. American National Bank and Trust executed a second mortgage on the property to U.S. Loan Corporation. Pl.'s 56.1(a) ¶ 18. Larry Harris, the present owner, executed a third mortgage on the property to Cragin Federal Bank for Savings. Pl.'s 56.1(a) ¶ 19. Defendant State of Illinois registered a tax lien on the subject property. Pl.'s 56.1(a) ¶ 21. Defendant LaSalle Bank

recorded a Lis Pendens Notice against the subject property. Pl.'s 56.1(a) ¶ 20.

Ocwen filed this diversity action against the above-named Defendants to foreclose its interest on the Florence Avenue property under the mortgage. Ocwen moved for summary judgment for foreclosure on the mortgage. Defendants Larry Harris, Roscoe Harris, and Jean Harris filed a response to Plaintiff's motion.

## ANALYSIS

Plaintiff Ocwen moves for summary judgment for foreclosure on the mortgage it was assigned in 1998. Foreclosure proceedings in Illinois are governed by the Illinois Mortgage Foreclosure Law. 735 ILCS 5/15-1501 et seq. However, nothing in the Illinois Mortgage Foreclosure Law affects the right of a mortgagee to foreclose its mortgage by a common law strict foreclosure. 735 ILCS 5/15-1403. Provisions of the Illinois Article of the Code of Civil Procedure will also govern mortgage proceedings unless inconsistent with the Illinois Mortgage Foreclosure Act. 735 ILCS 5/15-1107.[1] Under the Illinois Mortgage Foreclosure Law, a "mortgage" is defined as "any consensual lien created by a written instrument which grants or retains an interest in real estate to secure a debt or other obligation." 735 ILCS 5/15-1207. Under 735 ILCS 5/15-1202, "to foreclose" means "to terminate legal and equitable interests in real estate pursuant to a foreclosure." The pleading requirements for foreclosure complaints are set out in 735 ILCS 5/15-1504. Under this provision, copies of the note and mortgage are to be attached to the complaint. Id. However, under 735 ILCS 5/2-606, if an instrument or copy thereof is unavailable, an affidavit stating facts showing that the instrument is not accessible may be attached to the complaint in lieu of the instrument.

---

[1] The court is mindful of its obligations regarding application of state law in diversity suits under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938) and its progeny.

Defendants Larry Harris, Roscoe Harris, and Jean Harris argue that Plaintiff's motion for summary judgment for foreclosure should be denied because FHLMC lost the note before assigning it to Ocwen. (Def. Mem. 3). However, Ocwen has fulfilled all the requirements of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1504) by presenting an affidavit (as specified in 735 ILCS 5/2-606) which explains why the note cannot be produced . Pl.'s 56.1(a) Ex. A & B. Defendants further argue that: (1) Ocwen cannot foreclose on the mortgage without also suing to enforce the note, and (2) Ocwen cannot enforce the note because the note was lost prior to the assignment of the underlying debt. (Def. Mem. 1-5).

Contrary to the allegations, a party may foreclose on a mortgage without suing to enforce the note. In *Hickey v. Union National Bank & Trust Company of Joliet*, 190 Ill.App.3d 186, 190, 547 N.E.2d 4, 7 (Ill. App. Ct. 1989), the court observed that "a mortgage and accompanying promissory note constitute separate contracts. A legal remedy upon each instrument cannot be pursued in a single-count foreclosure action."

Defendants cite three cases to support their contention that Plaintiff cannot foreclose on the mortgage without also suing to enforce the note: *Elvin v. Wuchtech*, 326 Ill. 285, 157 N.E.2d 243 (Illinois 1927); *In re BNT Terminals, Inc.*, 125 B.R. 963 (Bankr. N.D. Ill. 1990); *Moore v. Lewis*, 51 Ill. App. 3d 388, 366 N.E.2d 594 (Ill. App. Ct. 1977). None of these cases require that a plaintiff be able to enforce the accompanying promissory note to enforce the mortgage. The *Elvin* court noted that "[i]t was essential to the plaintiff's right to recover to show that at the commencement of the suit he had legal title to the notes secured by the chattel mortgage."[2] *Elvin*, 326 Ill. at 286, 157

---

[2] Furthermore, *Elvin* is not directly on point since it concerns mortgages on *chattel* rather than real estate.

N.E. 2d at 244. The *BNT* court considered a situation in which the mortgage had been assigned to one party without assignment of the underlying debt. *BNT*, 125 B.R. at 969. The court found that "[i]n order for the Illinois ... courts to enforce a mortgage assignment, the assignor must assign the underlying debt secured by the mortgage debt." Id. Notably, the *BNT* court did not discuss whether promissory notes which serve to evidence debt need to be enforceable before a mortgage can be foreclosed. Id. Likewise, the court in *Moore* found that mortgages are not independently assignable but rather follow transfer of the debt secured. *Moore*, 51 Ill. App. 3d at 391, 366 N.E.2d at 599. The *Moore* court said nothing about whether the promissory note had to be enforceable. Id.

In addition to the aforementioned arguments, Defendants also cite to §3-309 of the Illinois Commercial Code (810 ILCS 5/3-309) governing negotiable instruments as further support for the position that the mortgage is unenforceable because the note is lost. (Def. Mem. 2). Contrary to what Defendants argue, a party may own title to a promissory note without being able to enforce it. The Official Comment which accompanies 810 ILCS 5/3-203 states in relevant part:

> Ownership rights in instruments may be determined by principles of the law of property, independent of Article 3, which do not depend upon whether the instrument was transferred under Section 3-203. Moreover, a person who has an ownership right in an instrument might not be a person entitled to enforce an instrument. For example, suppose X is the owner and holder of an instrument payable to X. X sells the instrument to Y but is unable to deliver immediate possession to Y. Instead, X signs a document conveying all of X's right, title, and interest in the instrument to Y. Although the document may be effective to give Y a claim to ownership of the instrument, Y is not a person entitled to enforce the instrument until Y obtains possession of the instrument.

See also HART & WILLIER, NEGOTIABLE INSTRUMENTS UNDER THE UNIFORM COMMERCIAL CODE, § 12.03[1] which states:

> "Furthermore, the owner of an instrument may not be in possession of it, even though

someone intended to transfer all of his or her rights to the person. Such non-holder transferees are protected by the property principle that a transferee of property, be it real property, tangible personal property or intangible property, gets all the rights of his or her transferor as a result of the transfer."

Therefore, since legal title to the underlying debt rather than the ability to enforce the promissory note is what is required to foreclose on a mortgage, Plaintiff's ability to enforce the promissory note is not at issue in this case.

Consequently, this court need not consider whether Plaintiff Ocwen will be able to enforce the lost note under the plain language of §3-309 of the Illinois Commercial Code, 810 ILCS 5/3-309, governing enforcement of lost, destroyed, or stolen negotiable instruments. Although 810 ILCS 5/3-309 does not strictly control this case,[3] the court is mindful of the importance of protecting Defendants against the potential loss that might occur by reason of a claim by another person to enforce the instrument and problems of proving the terms of the lost note, discussed in 810 ILCS 5/3-309(b). This section states:

> A person seeking enforcement of an instrument under subsection (a) must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, Section 3-308 applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means.

Since the promissory note was payable to FHLMC when it lost the instrument, and there is no evidence that FHLMC endorsed it before losing it, no other person could be a holder of the instrument with the right of enforcement.

Defendants have not disputed that Plaintiff has legal title to both the mortgage and the

---

[3] This provision is intended to govern <u>suits on lost negotiable instruments</u>.

amount of underlying debt. Pl.'s 56.1(a) Ex A & B. Plaintiff has supplied a copy of the assignment agreement between FHLMC and Ocwen with its exhibits attached to its 56.1(a) statement. Since there are no questions of material fact regarding Plaintiff's legal title to the underlying debt, the right to foreclose, and the terms of the note and mortgage, this court grants Plaintiff's motion for summary judgment regarding foreclosure.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion for summary judgment is granted.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: October 23, 2000