# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 658 | **DATE** | 3/5/2001 |
| **CASE TITLE** | OCWEN FEDERAL BANK vs. LARRY HARRIS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's Petition to adjudicate liens is Denied.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 0 8 2001 | 50 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | cm | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OCWEN FEDERAL BANK, FSB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 99 C 658 |
| v. ) | |
| ) | Honorable John W. Darrah |
| LARRY HARRIS, CUMI HARRIS, ) | |
| ROSCOE HARRIS, U.S. LOAN CORP., ) | |
| CRAGIN FEDERAL BANK for ) | |
| SAVINGS, STATE of ILLINOIS, ) | |
| LASALLE BANK, and JEAN HARRIS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ocwen Federal Bank, F.S.B. ("Ocwen") has petitioned this Court for the entry of orders adjudicating the priority of liens and directing the distribution of funds currently being held in escrow. On October 23, 2000, Plaintiff's Motion for Summary Judgment of Foreclosure was granted. On November 1, 2000, the subject property was sold, and the proceeds in the amount of $252,981.13 were placed in an escrow account at the Northern Trust Company. (Pl. Pet. 1).

## ANALYSIS

Plaintiff Ocwen has petitioned this Court for the entry of an Order adjudicating the priority of liens as well as an order directing the distribution of funds currently being held in escrow. (Pl. Pet. 1). Plaintiff argues that its "lien interest is superior to all liens of the Defendant lienholders as Plaintiff's lien was recorded before the liens of the defendants." (Pl. Pet. 2). Plaintiff further asks that any remaining funds from the proceeds of the sale be distributed as appropriate.

Defendants Roscoe Harris and Larry Harris have not challenged the superiority of Ocwen's

lien. Rather, Roscoe and Larry Harris ask this Court to protect them from the possibility that a third party might come forward and attempt to enforce the lost note against them. They ask this Court to:

> ... enter an order requiring plaintiff, Ocwen Federal Bank, FSB, (1) to indemnify them against any and all losses they may suffer, including costs and attorneys' fees, should any person, other than Ocwen or its assigns, seek to enforce the note Ocwen claims secured the underlying indebtedness it now asks this court to adjudicate; (2) to provide written assurances from FHLMC that the subject note has not been assigned or otherwise transferred to any third party; and (3) to provide defendants Roscoe Harris and Larry Harris with such other and further assurances and protections as the court deems just and proper.

(Def. Res. 3). 810 ILCS 5/3-309(b) governs enforcement of lost, destroyed, or stolen negotiable instruments. It states in relevant part:

> The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means.

Roscoe and Larry Harris's request is denied as they are already adequately protected. Since the promissory note was payable to FHLMC when FHLMC lost the instrument, and there is no evidence that FHLMC endorsed it before losing it, no other person could be a holder of the instrument with the right of enforcement; and the Court so finds.

Additional interests in the property have been asserted in the responses filed by Cragin Federal Bank for Savings and La Salle Bank in which appear allegations of other notes and mortgages regarding the property and a foreclosure action involving the property in the Circuit Court of Cook County. A view of the record in this case in its entirety, including the pleadings, motion for summary judgment, and other materials on file, do not demonstrate a present controversy between the movants as set out in these responses to the Petition to Adjudicate Priority of Liens and Distribute Funds so as to permit the Court to adequately determine what relief is warranted.

Therefore, the Petition is denied.

The proceeds shall be distributed in a manner consistent with the summary judgment previously granted on Plaintiff's Amended Complaint for Foreclosure, including a recognition of Plaintiff's rights to collect the underlying debt pursuant to the mortgage and foreclosure sale thereon.

## CONCLUSION

For the reasons stated herein, Plaintiff's Petition to adjudicate liens is DENIED.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: March 5, 2001